# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 East 42nd Street, 4510                                Telephone: (212) 317-1200
New York, New York 10165                                 Facsimile: (212) 317-1620
_____

gnaydenskiy@faillacelaw.com

April 2, 2021

<u>**VIA ECF**</u>

Hon. John P. Cronan, USDJ
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

> Re:    Gonzalez Basurto et al v. 3 East 48th Rest. Inc. et al
> **20-cv-05736-JPC**

Your Honor:

This office represents Plaintiff in the above referenced matter.  The parties have agreed to a settlement ("Agreement") after attending a mediation.  A copy of the Agreement is attached hereto as Exhibit A.  We therefore ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and to retain jurisdiction of the matter.

## **BACKGROUND**

Plaintiff filed his Complaint against Defendants alleging claims for unpaid overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).  Defendants denied and continue to deny the allegations as asserted in the Complaint.

## SETTLEMENT TERMS

Plaintiff alleges he would be entitled to back wages of approximately $22,317 and total of approximately $84,815.13 including liquidated damages, interest, spread of hours, wage notice violations, wage statement violations and tools of trade claims as his best case scenario. According to Defendants, plaintiff was a dishwasher who also during his shift helped out with general cleaning and other similar duties. He was paid in full for all work, including his hourly rate always above minimum wage, overtime at 1 ½ the regular rate, plus an extra bonus pay every week for his extra non-dishwasher duties. Specifically, from October 2013 to April 2018, he was paid only in cash. These records were destroyed in a flood of the restaurant. From May 2018 through November 2019 (the end of his employment), plaintiff was paid by check for all hours worked and a weekly cash bonus. He signed his paystub ever week acknowledging his hours, regular rate, overtime rate, spread of hours, meal allowance deduction, tips and bonus (he never worked more than 10 hours to get spread of hours and he did not receive tips) and the cash he was paid. These records showed the check amount (gross amount less tax) plus the cash bonus paid to him. Defendants produced these records from this period signed by plaintiff. He received a weekly bonus in cash that is also listed on the paystub he signed. He also punched in and out so there was a record of his exact hours.  The records for the period from May 2018 through November 2019, prove, according to defendants that plaintiff was paid more than he was owed because of the cash bonus.  In addition, Defendants contend that the business is now out of business permanently due to Covid-19 and believe that Plaintiff will ultimately not be able to show that the individual Defendants will be considered "employers" under the FLSA and NYLL.

Thus, in order to avoid the legal and factual risks of protracted litigation, the parties have agreed to settle the claims for the sum of $29,500. A copy of Plaintiffs' best case damages chart, breaking down each amount sought from Defendants, is attached as Exhibit B.

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were contested factual and legal disputes. Therefore, Plaintiff believes the settlement is reasonable because of the risk that he may not prevail on his claims.

## ATTORNEYS' FEES

Plaintiffs' counsel will receive $10,543.33 which consists of 1) $1,065 subtracted from the $29,500 settlement then divided by 3 which equals $9,478.33 as attorney fees and 2) $1,065 costs plus $9,478.33 which equals $10,543.33 as attorney fees and costs.

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. Counsel's lodestar is $6,140 in attorneys' fees, making the fee counsel will receive under the agreement reasonable in

Page 4

light of their lodestar.  The following is a summation of the backgrounds and rates of the

attorneys who worked on this matter:

      i.     Michael Faillace's work is billed at the rate of $450 per hour, which is his standard billing rate for matters paid on an hourly basis.  Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM).  Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law.  He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. Faillace's work is indicated by the initials "MF."

      ii.     Gennadiy Naydenskiy is a 2013 graduate of the State University of New York at Buffalo Law School, admitted to the New Jersey Bar and the United States District Court, District of New Jersey, in December 2013, the New York Bar in February 2014, the United States District Court, Southern District of New York in June 2014, and the United States District Court, Eastern District of New York in July 2014. Prior to joining Michael Faillace and Associates, P.C. in August 2018, Gennadiy Naydenskiy was a solo practitioner from October 2014, focusing primarily on FLSA wage and hour cases. Prior to founding his solo practice, Gennadiy Naydenskiy was an associate for Harrison, Harrison, and Associates a boutique law firm that focus most of their practice on FLSA wage and hour individual, multi-plaintiff, collective and class actions. Additionally, prior to being an associate, Gennadiy Naydenskiy was a law clerk for Harrison, Harrison, and Associates from May 2012. My billing rate of $350 per hour is reflected in Exhibit C with my initials "GN."[1]

These rates are reasonable given the experience of the attorneys in wage and hour

matters, and their performance in this case.  *See Perez v. Platinum Plaza 400 Cleaners, Inc.,*

Index No. 12-cv-9353 (PAC), 2015 U.S. Dist. LEXIS 78079, *3 n. 1 (S.D.N.Y. June 16, 2015)

(awarding requested rates to Michael Faillace and one of his associates at this firm, Joshua

Androphy, finding they had "demonstrated entitlement to these rates based on their experience in

wage and hour litigation and their performance in this case").

---

[1] Additionally, Paralegal time marked as "PL" is billed at $100 an hour.

Page 5

In full consideration of the issues presented in both *Cheeks* and *Wolinsky,* we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved.

Thank you for your consideration in this matter.

Respectfully Submitted,

/s/ Gennadiy Naydenskiy

Gennadiy Naydenskiy

Encls.

# EXHIBIT A

# SETTLEMENT AGREEMENT & RELEASE

This "Settlement Agreement and Release" (the "Agreement") is made between **3 EAST 48TH REST. INC. (D/B/A PJ MORAN'S), EAMON MAHER, JOHN MAHON, and MARCELLO MORENO,** and as to all the foregoing business entities and individuals, any and all parent and/or affiliate companies, subsidiaries, divisions, business units, committees, groups, predecessors, successors, assigns, trustees, heirs, administrators, executors, officers, directors, shareholders, employees, legal representatives, and agents of each of them (hereinafter collectively referred to as "Releasees"), on the one hand, and **SEGUNDO GONZALEZ BASURO** ("Basuro" or "Releasor"), on the other hand, in order to resolve Releasor's alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* and the New York Labor Law, N.Y.L.L. §§ 190, *et seq.* and §§ 650, and to resolve all other claims, known or unknown, that Releasor may have against Releasees related to the action plaintiff brought, entitled **SEGUNDO GONZALEZ BASURO** v. **3 EAST 48TH REST. INC. (D/B/A PJ MORAN'S), EAMON MAHER, JOHN MAHON, and MARCELLO MORENO, 1:20 cv 5736 (GHW) (the "Court Action")**; and

**WHEREAS**, the Releasees deny that any act of unlawful conduct occurred; and

**WHEREAS**, the parties desire to resolve the matter without the need for litigation; and

**NOW THEREFORE**, in consideration of the mutual covenants and promises contained herein, and for other valuable consideration, the receipt and legal sufficiency of which is hereby acknowledged, it is agreed between Releasor and the Releasees that:

1.    In full and final settlement of all their claims as hereinafter defined in paragraph 4 and the attached limited release attached hereto as Attachment A, Releasor will be paid **$29,500** dollars ("Settlement Amount"), as follows:

(a)    Releasees attorneys shall wire **$29,500** to Releasor's attorneys, Michael Faillace & Associates, P.C., within ten (10) days after Court approval of this Agreement so long as Releasees' attorney has received the following: (1) this Agreement executed and notarized by Releasor (2) Attachment A executed and notarized by Releasor, (3) Attachment B executed by Plaintiff's Counsel, and (4) an IRS form W9 from Releasor's attorneys.

(b)    b. Concurrently with the execution of this Agreement, Defendants' counsel shall deliver to the Plaintiff's counsel a letter confirming that the Settlement Funds have been deposited into Law Offices of James J. Cutro, PC client escrow account and are available for immediate payment upon the Court's approval of this agreement.

There will be no withholding for tax purposes from the portion of the Settlement Amounts paid under paragraph 1 to Releasor. It is agreed the Releasor's counsel will be issued an IRS Form 1099 reflecting these payments. No representations have been made to Releasor by Releasees regarding the taxability of the monies referred to in paragraph 1. Releasor understands that he will be responsible for paying Releasor taxes related to the payments received under this Agreement. Michael Faillace & Associates, P.C. understands that it will be responsible for paying its taxes related to the payments under Paragraph 1. Further, if Releasor fails to do so, or any taxing authority alleges that he has failed to do so, Releasor agrees and understands that if it

is determined by any federal, state or local taxing authority that any of the payments made to him are taxable wages, Releasor shall be fully responsible for any and all Releasor taxes, as well as any judgment or orders, fines and penalties that may be imposed on Releasees due to Releasor's obligations.  Releasor further agrees and understands that he will defend and indemnify Releasees in all such proceedings.  The taxability of the settlement monies shall not affect the validity of this agreement.  Similarly, no representations have been made to Michael Faillace & Associates, P.C. by Releasees regarding the taxability of the monies referred to in paragraph 1(a).

2.    Basuro agrees to execute the release attached hereto as Attachment A and to withdraw with prejudice all his claims in the Court Action by authorizing his attorney to execute and the Court to file the Stipulation of Dismissal with Prejudice attached hereto as B.

3.    RELEASOR covenants and agrees that he will not file a lawsuit or initiate any legal proceedings against RELEASEES for money or other relief in connection with the claims released herein.   RELEASOR further agree that if a class, collective or representative action is or has been brought against the RELEASEES in connection with the claims released herein and he could be a participant in such action because of his employment with any of the RELEASEES, he will not act as a class, collective or representative action representative in any such action, will refrain from opting in, and will not accept any monetary relief from any such action. RELEASOR also agrees that he is not a prevailing party under any law, rule or regulation and cannot, and will not, seek any claim for attorneys' fees or costs related to the any of the released claims.

4.    RELEASOR agrees that he fully understands his obligations pursuant to Paragraphs 2 and 3, , and that upon any breach of any obligation thereunder, he will be liable to RELEASEES for all monies paid under paragraph 1, and for all costs and expenses incurred by RELEASEES in defending against a suit or enforcing this Agreement, including court costs, expenses and reasonable attorneys' fees. RELEASOR further agrees that any breach of Paragraphs 2 and 3, will also result in separate immediate and irreparable harm to the RELEASEES and, accordingly, the RELEASEES may, upon such breach or threatened breach, also seek an order of the Court for injunctive or equitable relief either to restrain a further breach or to ameliorate the continuing impact of any prior breach, in addition to the liquidated damages as set forth herein

5.    RELEASOR acknowledges that the RELEASEES do not admit that they have done anything wrong or treated RELEASOR unlawfully, and the RELEASEES specifically state that they have not violated or abridged any federal, state, or local law or ordinance, or any right or obligation that they may owe or may have owed to RELEASOR.

6    Notwithstanding Plaintiffs filing of a Stipulation of Discontinuance, the parties respectfully request that this Court, the United States District Court for the Southern District of New York, retain jurisdiction to enforce the terms of this settlement until full payment of the Settlement Funds outlined in Paragraph 1 is made in its entirety or in the event of a default of this Agreement by either party.

7.    The RELEASOR warrants that he is fully competent to enter into this Agreement and has been afforded an opportunity to review this Agreement with his counsel, **has had a period of twenty-one days to consider the Agreement**, that he has read and understand this Agreement, and that he has signed this Agreement, knowingly and voluntarily, understanding that among other rights he is waiving herein, he is expressly waiving any claims for unpaid wages under the FLSA and NYLL, for which the employee acknowledges he has received proper consideration.   RELEASOR also understands and acknowledges that he has been advised to consult with an attorney regarding this Agreement and has consulted with his counsel, Michael Faillace & Associates, P.C.

8.    This Agreement will not become effective until the eighth day following RELEASOR'S execution of the Agreement (the "Effective Date"), and the RELEASOR may at any time prior to the Effective Date revoke this Agreement by giving notice of revocation in writing James J. Cutro, Esq, The Law Offices of  James J. Cutro, PC, 1199 US Hwy 22, Mountainside, NJ 07092 (FAX 908-408-5620), by delivering such notice via the United States Post Office, certified mail, return receipt requested, post-mark dated before the Effective Date.

9.    If any provision of this Agreement is held by a court of competent jurisdiction to be illegal, void or unenforceable, such provision shall have no effect; however, the remaining provisions shall be enforced to the maximum extent possible.

10.    This Agreement is the final and binding agreement among the parties and supersedes all prior agreements.

**PLEASE READ CAREFULLY.  THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**  To signify their agreement to the terms of this Agreement the parties have executed this Agreement on the dates set forth under their signatures that appear below.  This Agreement can be executed in counterparts, and a facsimile or computer scan of the Agreement is to be deemed as good as an original.

**[INTENTIONAL PAGE BREAK - SIGNATURES APPEAR ON NEXT PAGE]**

**PLAINTIFF**

**SEGUNDO GONZALEZ BASURO**

**IN WITNESS WHEREOF, SEGUNDO GONZALEZ BASURO** intending to be legally bound, has hereunder set his hand and seal this __ day of _____ 2021.


Signature:_____

Print Name:  **SEGUNDO GONZALEZ BASURO**


        On this ____ day of _____ 2021, before me personally came and appeared **SEGUNDO GONZALEZ BASURO**, to me known and known to me to be the individual described in and who executed the foregoing SETTLEMENT AGREEMENT and duly acknowledged to me that he executed the same.

_____

Notary Public



**DEFENDANT - 3 EAST 48TH REST. INC. (D/B/A PJ MORAN'S)**


Signature: _____

        By:  **JOHN MAHON** as an authorized representative of
             **3 EAST 48TH REST. INC. (D/B/A PJ MORAN'S),**

Dated: _____ __, 2021

-4-

-4-

**PLAINTIFF**

SEGUNDO GONZALEZ BASURO

IN WITNESS WHEREOF, SEGUNDO GONZALEZ BASURO intending to be legally bound, has hereunder set his hand and seal this ___ day of _____ 2021.

Signature:
Print Name:    **SEGUNDO GONZALEZ BASURO**

On this ___ day of _____ 2021, before me personally came and appeared **SEGUNDO GONZALEZ BASURO**, to me known and known to me to be the individual described in and who executed the foregoing SETTLEMENT AGREEMENT and duly acknowledged to me that he executed the same.

_____
Notary Public

**DEFENDANT - 3 EAST 48TH REST, INC. (D/B/A PJ MORAN'S),**

Signature:
By:    **JOHN MAHON** as an authorized representative of
**3 EAST 48TH REST, INC. (D/B/A PJ MORAN'S),**

Dated: March 10, 2021

**Attachment A – SEGUNDO GONZALEZ BASURO SPECIFIC RELEASE**

   **SEGUNDO GONZALEZ BASURO**, and his heirs, executors, administrators, successors, trustees, and assigns ("RELEASORS"), in consideration for the payments set forth in paragraph 1 and for other good and valuable consideration set forth in the Agreement, completely releases and forever discharges **3 EAST 48TH REST. INC. (D/B/A PJ MORAN'S), EAMON MAHER, JOHN MAHON, and MARCELLO MORENO**, and as to all the foregoing business entities and individuals, any and all parent and/or affiliate companies, subsidiaries, divisions, business units, committees, groups, predecessors, successors, assigns, trustees, heirs, administrators, executors, officers, directors, shareholders, employees, legal representatives, and agents of each of them (collectively referred to as "RELEASEES"), from all actions, causes of action, suits, debts, dues, covenants, contracts, bonuses, controversies, agreements, promises, claims, charges, complaints and demands whatsoever in law or equity, which against the RELEASEES, RELEASORS may now have or hereinafter can, shall or may have for, upon, or by reason of any matter, cause or thing whatsoever, from the beginning of the world to the day and date of this Agreement,  arising under the New York Labor Law, N.Y.L.L. §§ 190 *et seq.* and §§ 650; the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; the Equal Pay Act of 1963, 29 U.S.C. § 206(d); the New York wage hour and wage-payment laws; and/or any other federal, state or local wage-hour, wage-payment rules and/or regulations, constitutions, ordinances, public policy, contract or tort laws relating to any claims for unpaid wages, or any claim arising under the common law relating to any claims for unpaid wages, occurring up to and including the date of the complete execution of this Agreement, including any claim for attorneys' fees or costs that may be available under any law, rule or regulation to a prevailing party.


**IN WITNESS WHEREOF, RELEASOR**, intending to be legally bound, has hereunder set his hand and seal this __ day of _____ 2021.


      Signature:_____
      Print Name:  **SEGUNDO GONZALEZ BASURO**


On this _____ day of _____ 2021, before me personally came and appeared _____, to me known and known to me to be the individual described in and who executed the foregoing RELEASE and duly acknowledged to me that she executed the same.

           _____
            Notary Public

Attachment B:

**LAW OFFICES OF JAMES J. CUTRO, PC**
1199 Route 22 East, Suite 304
Mountainside, New Jersey 07092
Tel (908) 408-5600
Fax (908) 408-5620
Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------- X
SEGUNDO GONZALEZ BASURO,                    :
individually and on behalf of others similarly    :        1:20 Civ. 5736 (JPC)
Situated,                                             :
                    **Plaintiff,**       :
                               :        **STIPULATION OF**
          - against -                         :        **DISCONTINUANCE**
                               :        **WITH PREJUDICE**
3 EAST 48TH REST. INC. (D/B/A PJ MORAN'S),   :
EAMON MAHER, JOHN MAHON, and              :        **Electronically Filed**
MARCELLO MORENO,                             :
                               :

                  **Defendants.**
--------------------------------------------------------------------X

      **IT IS HEREBY STIPULATED AND AGREED** by and between counsel for the parties hereto, that no party hereto is an infant or incompetent person for whom a committee has been appointed and no person not a party has an interest in the subject matter of the action, that the above-captioned action be dismissed with prejudice in its entirety without costs or attorneys fees to either party as against the other. This stipulation may be filed without further notice with the Clerk of the Court.

| **Law Offices of James J. Cutro, PC**<br>    Attorneys for Defendants<br><br>By: _____<br>    **James J. Cutro, Esq.**<br><br>Dated: __March_____, __26_, 2021 | **Michael Faillace & Associates, P.C.**<br>Attorneys for Plaintiff<br><br>By: _____<br>    **Gennadiy Naydenskiy, Esq.**<br><br>Dated: _____, __, 2021 |

SO ORDERED:

_____

USDJ

## SETTLEMENT AGREEMENT & RELEASE

This "Settlement Agreement and Release" (the "Agreement") is made between **3 EAST 48TH REST. INC. (D/B/A PJ MORAN'S), EAMON MAHER, JOHN MAHON, and MARCELLO MORENO,** and as to all the foregoing business entities and individuals, any and all parent and/or affiliate companies, subsidiaries, divisions, business units, committees, groups, predecessors, successors, assigns, trustees, heirs, administrators, executors, officers, directors, shareholders, employees, legal representatives, and agents of each of them (hereinafter collectively referred to as "Releasees"), on the one hand, and **SEGUNDO GONZALEZ BASURTO** ("Basurto" or "Releasor"), on the other hand, in order to resolve Releasor's alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* and the New York Labor Law, N.Y.L.L. §§ 190, *et seq.* and §§ 650, and to resolve all other claims, known or unknown, that Releasor may have against Releasees related to the action plaintiff brought, entitled **SEGUNDO GONZALEZ BASURTO v. 3 EAST 48TH REST. INC. (D/B/A PJ MORAN'S), EAMON MAHER, JOHN MAHON, and MARCELLO MORENO, 1:20 cv 5736 (GHW) (the "Court Action");** and

**WHEREAS,** the Releasees deny that any act of unlawful conduct occurred; and

**WHEREAS,** the parties desire to resolve the matter without the need for litigation; and

**NOW THEREFORE,** in consideration of the mutual covenants and promises contained herein, and for other valuable consideration, the receipt and legal sufficiency of which is hereby acknowledged, it is agreed between Releasor and the Releasees that:

1.    In full and final settlement of all their claims as hereinafter defined in paragraph 4 and the attached limited release attached hereto as Attachment A, Releasor will be paid **$29,500** dollars ("Settlement Amount"), as follows:

(a)    Releasees attorneys shall wire **$29,500** to Releasor's attorneys, Michael Faillace & Associates, P.C., within ten (10) days after Court approval of this Agreement so long as Releasees' attorney has received the following: (1) this Agreement executed and notarized by Releasor (2) Attachment A executed and notarized by Releasor, (3) Attachment B executed by Plaintiff's Counsel, and (4) an IRS form W9 from Releasor's attorneys.

(b)    b. Concurrently with the execution of this Agreement, Defendants' counsel shall deliver to the Plaintiff's counsel a letter confirming that the Settlement Funds have been deposited into Law Offices of James J. Cutro, PC client escrow account and are available for immediate payment upon the Court's approval of this agreement.

There will be no withholding for tax purposes from the portion of the Settlement Amounts paid under paragraph 1 to Releasor.  It is agreed the Releasor's counsel will be issued an IRS Form 1099 reflecting these payments. No representations have been made to Releasor by Releasees regarding the taxability of the monies referred to in paragraph 1.  Releasor understands that he will be responsible for paying Releasor taxes related to the payments received under this Agreement.  Michael Faillace & Associates, P.C. understands that it will be responsible for paying its taxes related to the payments under Paragraph 1. Further, if Releasor fails to do so, or any taxing authority alleges that he has failed to do so, Releasor agrees and understands that if it

is determined by any federal, state or local taxing authority that any of the payments made to him are taxable wages, Releasor shall be fully responsible for any and all Releasor taxes, as well as any judgment or orders, fines and penalties that may be imposed on Releasees due to Releasor's obligations.   Releasor further agrees and understands that he will defend and indemnify Releasees in all such proceedings. The taxability of the settlement monies shall not affect the validity of this agreement.  Similarly, no representations have been made to Michael Faillace & Associates, P.C. by Releasees regarding the taxability of the monies referred to in paragraph 1(a).

2.    Basurto agrees to execute the release attached hereto as Attachment A and to withdraw with prejudice all his claims in the Court Action by authorizing his attorney to execute and the Court to file the Stipulation of Dismissal with Prejudice attached hereto as B.

3.    RELEASOR covenants and agrees that he will not file a lawsuit or initiate any legal proceedings against RELEASEES for money or other relief in connection with the claims released herein.   RELEASOR further agree that if a class, collective or representative action is or has been brought against the RELEASEES in connection with the claims released herein and he could be a participant in such action because of his employment with any of the RELEASEES, he will not act as a class, collective or representative action representative in any such action, will refrain from opting in, and will not accept any monetary relief from any such action. RELEASOR also agrees that he is not a prevailing party under any law, rule or regulation and cannot, and will not, seek any claim for attorneys' fees or costs related to the any of the released claims.

5.    RELEASOR agrees that he fully understands his obligations pursuant to Paragraphs 2 and 3, , and that upon any breach of any obligation thereunder, he will be liable to RELEASEES for all monies paid under paragraph 1, and for all costs and expenses incurred by RELEASEES in defending against a suit or enforcing this Agreement, including court costs, expenses and reasonable attorneys' fees. RELEASOR further agrees that any breach of Paragraphs 2 and 3, will also result in separate immediate and irreparable harm to the RELEASEES and, accordingly, the RELEASEES may, upon such breach or threatened breach, also seek an order of the Court for injunctive or equitable relief either to restrain a further breach or to ameliorate the continuing impact of any prior breach, in addition to the liquidated damages as set forth herein

6.    RELEASOR acknowledges that the RELEASEES do not admit that they have done anything wrong or treated RELEASOR unlawfully, and the RELEASEES specifically state that they have not violated or abridged any federal, state, or local law or ordinance, or any right or obligation that they may owe or may have owed to RELEASOR.

7    Notwithstanding Plaintiffs filing of a Stipulation of Discontinuance, the parties respectfully request that this Court, the United States District Court for the Southern District of New York, retain jurisdiction to enforce the terms of this settlement until full payment of the Settlement Funds outlined in Paragraph 1 is made in its entirety or in the event of a default of this Agreement by either party.

**PLAINTIFF**

**SEGUNDO GONZALEZ BASURTO**

**IN WITNESS WHEREOF, SEGUNDO GONZALEZ BASURTO** intending to be legally bound, has hereunder set his hand and seal this ⟨b⟩ day of March 2021.

Signature: _____

Print Name:   **SEGUNDO GONZALEZ BASURTO**

On this ⟨l⟩ day of March 2021, before me personally came and appeared **SEGUNDO GONZALEZ BASURTO**, to me known and known to me to be the individual described in and who executed the foregoing SETTLEMENT AGREEMENT and duly acknowledged to me that he executed the same.

_____
Notary Public
MICHAEL FAILLACE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02FA6120964
Qualified in New York County
My Commission Expires January 03, 2025

**DEFENDANT - 3 EAST 48ᵀᴴ REST. INC. (D/B/A PJ MORAN'S)**

Signature: _____

By:   **JOHN MAHON** as an authorized representative of
**3 EAST 48ᵀᴴ REST. INC. (D/B/A PJ MORAN'S),**

Dated: _____, 2021

-4-

8.      The RELEASOR warrants that he is fully competent to enter into this Agreement and has been afforded an opportunity to review this Agreement with his counsel, **has had a period of twenty-one days to consider the Agreement**, that he has read and understand this Agreement, and that he has signed this Agreement, knowingly and voluntarily, understanding that among other rights he is waiving herein, he is expressly waiving any claims for unpaid wages under the FLSA and NYLL, for which the employee acknowledges he has received proper consideration.  RELEASOR also understands and acknowledges that he has been advised to consult with an attorney regarding this Agreement and has consulted with his counsel, Michael Faillace & Associates, P.C.

9.      This Agreement will not become effective until the eighth day following RELEASOR'S execution of the Agreement (the "Effective Date"), and the RELEASOR may at any time prior to the Effective Date revoke this Agreement by giving notice of revocation in writing James J. Cutro, Esq, The Law Offices of  James J. Cutro, PC, 1199 US Hwy 22, Mountainside, NJ 07092 (FAX 908-408-5620), by delivering such notice via the United States Post Office, certified mail, return receipt requested, post-mark dated before the Effective Date.

10.      If any provision of this Agreement is held by a court of competent jurisdiction to be illegal, void or unenforceable, such provision shall have no effect; however, the remaining provisions shall be enforced to the maximum extent possible.

11.      This Agreement is the final and binding agreement among the parties and supersedes all prior agreements.

**PLEASE READ CAREFULLY.  THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**  To signify their agreement to the terms of this Agreement the parties have executed this Agreement on the dates set forth under their signatures that appear below.  This Agreement can be executed in counterparts, and a facsimile or computer scan of the Agreement is to be deemed as good as an original.

**[INTENTIONAL PAGE BREAK - SIGNATURES APPEAR ON NEXT PAGE]**

**Attachment A – SEGUNDO GONZALEZ BASURTO SPECIFIC RELEASE**

 SEGUNDO GONZALEZ BASURTO, and his heirs, executors, administrators, successors, trustees, and assigns ("RELEASORS"), in consideration for the payments set forth in paragraph 1 and for other good and valuable consideration set forth in the Agreement, completely releases and forever discharges **3 EAST 48TH REST. INC. (D/B/A PJ MORAN'S), EAMON MAHER, JOHN MAHON, and MARCELLO MORENO**, and as to all the foregoing business entities and individuals, any and all parent and/or affiliate companies, subsidiaries, divisions, business units, committees, groups, predecessors, successors, assigns, trustees, heirs, administrators, executors, officers, directors, shareholders, employees, legal representatives, and agents of each of them (collectively referred to as "RELEASEES"), from all actions, causes of action, suits, debts, dues, covenants, contracts, bonuses, controversies, agreements, promises, claims, charges, complaints and demands whatsoever in law or equity, which against the RELEASEES, RELEASORS may now have or hereinafter can, shall or may have for, upon, or by reason of any matter, cause or thing whatsoever, from the beginning of the world to the day and date of this Agreement, arising under the New York Labor Law, N.Y.L.L. §§ 190 *et seq.* and §§ 650; the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; the Equal Pay Act of 1963, 29 U.S.C. § 206(d); the New York wage hour and wage-payment laws; and/or any other federal, state or local wage-hour, wage-payment rules and/or regulations, constitutions, ordinances, public policy, contract or tort laws relating to any claims for unpaid wages, or any claim arising under the common law relating to any claims for unpaid wages, occurring up to and including the date of the complete execution of this Agreement, including any claim for attorneys' fees or costs that may be available under any law, rule or regulation to a prevailing party.

**IN WITNESS WHEREOF, RELEASOR**, intending to be legally bound, has hereunder set his hand and seal this 16 day of March 2021.

 Signature: _____
 Print Name: **SEGUNDO GONZALEZ BASURTO**

On this 16 day of March 2021, before me personally came and appeared _____, to me known and known to me to be the individual described in and who executed the foregoing RELEASE and duly acknowledged to me that she executed the same.

 NOTARY PUBLIC
 MICHAEL FALLACE
 Notary Public of NEW YORK
 No. 02FA6120964
 Qualified in New York County
 My Commission Expires January 03, 2025

-5-

Attachment B:

**LAW OFFICES OF JAMES J. CUTRO, PC**
1199 Route 22 East, Suite 304
Mountainside, New Jersey 07092
Tel (908) 408-5600
Fax (908) 408-5620
Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------- X

| | | |
|---|---|---|
| SEGUNDO GONZALEZ BASURTO, **individually and on behalf of others similarly Situated,** | : : : | 1:20 Civ. 5736 (JPC) |
| Plaintiff, | : : | |
| - against - | : : : | **STIPULATION OF DISCONTINUANCE WITH PREJUDICE** |
| 3 EAST 48TH REST. INC. (D/B/A PJ MORAN'S), EAMON MAHER, JOHN MAHON, and MARCELLO MORENO, | : : : : | **Electronically Filed** |
| Defendants. | : | |

-----------------------------------------------------------------------X

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the parties hereto, that no party hereto is an infant or incompetent person for whom a committee has been appointed and no person not a party has an interest in the subject matter of the action, that the above-captioned action be dismissed with prejudice in its entirety without costs or attorneys fees to either party as against the other. This stipulation may be filed without further notice with the Clerk of the Court.

| Law Offices of James J. Cutro, PC<br>  Attorneys for Defendants | Michael Faillace & Associates, P.C.<br>Attorneys for Plaintiff |
|---|---|
| By: _____<br>   **James J. Cutro, Esq.** | By: _____<br>   **Gennadiy Naydenskiy, Esq.** |
| Dated: _____, ___, 2021 | Dated: _____, __, 2021 |

SO ORDERED:

_____
USDJ

-6-

# EXHIBIT B

For Settlement Purposes Only
Royal Pizza

| Plaintiff | Pay Period | | | | Minimum Wage | | | Paid Wages | | | Unpaid Wages & OT | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Start | End | Weeks | Hours Per Week | Minimum Wage Rate | Minimum Overtime (OT) | Lawful Weekly Pay | "Credited" Weekly Pay | Regular Hourly Pay Rate | Hourly OT Pay Rate | Underpayment Per Week | Total Unpaid Wages & OT | Liq. Damages on Wages & OT |
| Segundo Gonzalez Basurto | 11/1/2013 | 12/31/2013 | 9 | 54 | $ 7.25 | $ 10.88 | $ 671.00 | $ 594.00 | $ 11.00 | $ 16.50 | $ 77.00 | $ 693.00 | $ 693.00 |
| | 1/1/2014 | 12/31/2014 | 52 | 54 | $ 8.00 | $ 12.00 | $ 671.00 | $ 594.00 | $ 11.00 | $ 16.50 | $ 77.00 | $ 4,004.00 | $ 4,004.00 |
| | 1/1/2015 | 12/31/2015 | 52 | 54 | $ 8.75 | $ 13.13 | $ 671.00 | $ 594.00 | $ 11.00 | $ 16.50 | $ 77.00 | $ 4,004.00 | $ 4,004.00 |
| | 1/1/2016 | 12/31/2016 | 52 | 54 | $ 9.00 | $ 13.50 | $ 671.00 | $ 594.00 | $ 11.00 | $ 16.50 | $ 77.00 | $ 4,004.00 | $ 4,004.00 |
| | 1/1/2017 | 6/30/2017 | 26 | 54 | $ 11.00 | $ 16.50 | $ 671.00 | $ 594.00 | $ 11.00 | $ 16.50 | $ 77.00 | $ 2,002.00 | $ 2,002.00 |
| | 7/1/2017 | 12/31/2017 | 26 | 42 | $ 11.00 | $ 16.50 | $ 473.00 | $ 462.00 | $ 11.00 | $ 16.50 | $ 11.00 | $ 286.00 | $ 286.00 |
| | 1/1/2018 | 12/31/2018 | 52 | 42 | $ 13.00 | $ 19.50 | $ 559.00 | $ 462.00 | $ 11.00 | $ 16.50 | $ 97.00 | $ 5,044.00 | $ 5,044.00 |
| | 1/1/2019 | 2/28/2019 | 8 | 42 | $ 15.00 | $ 22.50 | $ 645.00 | $ 630.00 | $ 15.00 | $ 22.50 | $ 15.00 | $ 120.00 | $ 120.00 |
| | 3/1/2019 | 11/6/2019 | 36 | 48 | $ 15.00 | $ 22.50 | $ 780.00 | $ 720.00 | $ 15.00 | $ 22.50 | $ 60.00 | $ 2,160.00 | $ 2,160.00 |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| TOTAL DAMAGES | | | | | | | | | | | | $ 22,317.00 | $ 22,317.00 |

| | | | | | |
|---|---|---|---|---|---|
| NYLL - SOL | ########## | | | | |
| NYLL Amendment Date | 4/9/2011 | | 1 | This chart is based upon preliminary information and the expected testimony of Plaintiffs. | |
| FLSA - SOL | ########## | | 2 | Plaintiffs reserve the right to correct or amend this chart. | |
| Filing Date | ########## | | 3 | This Chart was prepared without the benefit of discovery, or the benefit of Defendants' required wage and hour records under the FLS | |
| Today's Date | 1/18/2021 | | | | |

For Settlement Purposes Only
Royal Pizza

| Plaintiff | Pay Period | | Spread of Hours | | | Pre-Judgment Interest | | Other Claims | | | TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | Start | End | SOH Days per Week | Unpaid SOH Pay | Liq. Damages on Unpaid SOH Pay | PJI on Wages | PJI on SOH | Wage Notice | Wage Statement | Tools of the Trade | |
| Segundo Gonzalez Basurto | 11/1/2013 | 12/31/2013 | 5 | $ 326.25 | $ 326.25 | $ 445.23 | $ 209.61 | $ 5,000.00 | $ 5,000.00 | $ 150.00 | $ 12,698.34 |
| | 1/1/2014 | 12/31/2014 | 6 | $ 2,496.00 | $ 2,496.00 | $ 2,362.16 | $ 1,472.52 | | | $ - | $ 16,840.68 |
| | 1/1/2015 | 12/31/2015 | 6 | $ 2,730.00 | $ 2,730.00 | $ 2,001.80 | $ 1,364.87 | | | $ - | $ 16,840.67 |
| | 1/1/2016 | 12/31/2016 | 6 | $ 2,808.00 | $ 2,808.00 | $ 1,640.95 | $ 1,150.80 | | | $ - | $ 16,421.74 |
| | 1/1/2017 | 6/30/2017 | 0 | $ - | $ - | $ 685.46 | $ - | | | $ - | $ 4,689.46 |
| | 7/1/2017 | 12/31/2017 | 0 | $ - | $ - | $ 85.05 | $ - | | | $ - | $ 657.05 |
| | 1/1/2018 | 12/31/2018 | 0 | $ - | $ - | $ 1,158.63 | $ - | | | $ - | $ 11,246.63 |
| | 1/1/2019 | 2/28/2019 | 0 | $ - | $ - | $ 21.29 | $ - | | | $ - | $ 261.29 |
| | 3/1/2019 | 11/6/2019 | 0 | $ - | $ - | $ 300.70 | $ - | | | | $ 4,620.70 |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| TOTAL DAMAGES | | | | $ 8,360.25 | $ 8,360.25 | $ 8,701.28 | $ 4,197.78 | $ 5,000.00 | $ 5,000.00 | | $ 84,253.43 |

| | |
|---|---|
| NYLL - SOL | ########### |
| NYLL Amendment Date | 4/9/2011 |
| FLSA - SOL | ########### |
| Filing Date | SA and NYLL. |
| Today's Date | 1/18/2021 |

# EXHIBIT C

### *Michael Faillace & Associates, P.C.*
60 East 42nd Street
Suite 4510
New York, NY 10165

Ph:(212) 317-1200                    Fax:(212) 317-1620

Segundo  Gonzalez Basurto                                          February 22, 2021

|  | File #: | PJMoran's |
|---|---|---|
| **Attention:** | Inv #: | 1245 |

**RE:**     Gonzalez Basurto v. 3 East 48th Rest. Inc. (d/b/a PJ Moran's), Eamon Mahor, John
          Mahon, and Marcelo Moreno.

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|---|---|---|---|---|
| Jun-25-20 | email def attorney re: sett | 0.10 | 35.00 | GN |
| Jul-07-20 | text w/ pl | 0.10 | 45.00 | GN |
|  | search and review email and text pl | 0.10 | 45.00 | GN |
|  | text w/ pl re: status | 0.10 | 45.00 | GN |
| Jul-08-20 | review def document preparation | 0.10 | 35.00 | GN |
|  | further review of def records, email pl to ask cl follow up questions (.1) | 0.60 | 210.00 | GN |
| Jul-10-20 | email w/ pl re: cl responses | 0.10 | 35.00 | GN |
| Jul-13-20 | review and replt to pl email re: cl contact | 0.10 | 35.00 | GN |
|  | review cl paystubs | 0.10 | 35.00 | GN |
| Jul-15-20 | review emails w/ pl | 0.10 | 45.00 | GN |
| Jul-20-20 | discussed case with GN | 0.10 | 45.00 | MF |
|  | discuss status with mf | 0.10 | 35.00 | GN |

| | | | | |
|---|---|---|---|---|
| Jul-23-20 | Reviewed  complaint, summonses  and NOA filed today;  filed  documents in proper folder for future reference | 0.30 | 135.00 | MF |
| | review ecf bounce | 0.10 | 35.00 | GN |
| | filed complaint,civil cover sheet | 0.30 | 37.50 | PL |
| | drafted summonss | 0.30 | 37.50 | PL |
| | filed summones | 0.30 | 37.50 | PL |
| | Filed GNs NOA | 0.20 | 25.00 | PL |
| | updated status,and emailed GN | 0.10 | 12.50 | PL |
| Jul-24-20 | email opposing counsel and pl  re: ecf bounces | 0.10 | 35.00 | GN |
| | read emails re: don't serve | 0.10 | 12.50 | PL |
| Jul-27-20 | Reviewing and docketing court notice in preparation for litigation | 0.20 | 25.00 | PL |
| Jul-28-20 | Confirmed accuracy of bill | 0.10 | 12.50 | PL |
| Aug-03-20 | check rules time to serve, email w/ pl | 0.10 | 35.00 | GN |
| | client called for an update checked status, updated the clietns intake with the new number. Emaield gn:  serve? | 0.10 | 12.50 | PL |
| Aug-04-20 | email opposing counsel re: scheduling call | 0.10 | 35.00 | GN |
| | review def produced documents and complaint | 0.80 | 280.00 | GN |
| | continue review def documents and research wage order meal credits | 0.40 | 140.00 | GN |
| Aug-05-20 | email w/ opposing counsel re: schedule call | 0.10 | 35.00 | GN |
| | preparation  for call w/ opposing counsel and call w/ opposing counsel re: records and settlement, notes | 0.60 | 210.00 | GN |
| Aug-06-20 | email pl re: serve | 0.10 | 35.00 | GN |

| | | | | |
|---|---|---|---|---|
| Aug-20-20 | discuss service w/ pl | 0.10 | 35.00 | GN |
| | client called for an update, reached out to GN | 0.10 | 12.50 | PL |
| | looked up business, business is still opened | 0.10 | 12.50 | PL |
| Aug-25-20 | drafted notices and sent them for service | 0.50 | 62.50 | PL |
| | requested DGR a skip trace search on indv. Defedants | 0.20 | 25.00 | PL |
| | drafted a waiver for corp, emailed it to GN | 0.10 | 12.50 | PL |
| Aug-26-20 | called client to ask him if he has more information to find the defendants | 0.20 | 25.00 | PL |
| | saved DUE-DILG's and emailed GN | 0.10 | 12.50 | PL |
| | reviewed docket and status | 0.20 | 25.00 | PL |
| Aug-27-20 | plaintiff segundo called to give us def phone number | 0.10 | 12.50 | PL |
| Sep-01-20 | reviewed status | 0.10 | 12.50 | PL |
| Sep-02-20 | forwarded Due dilg results to GN, for Marcelo Moreno | 0.10 | 12.50 | PL |
| Sep-12-20 | email waiver to oc | 0.10 | 35.00 | GN |
| Sep-14-20 | asked DGR to serve individual defendants | 0.30 | 37.50 | PL |
| Sep-15-20 | email w/ pl re: serving corp | 0.10 | 35.00 | GN |
| | read GNs email re: follow up with def counsel for the waiver of corp | 0.10 | 12.50 | PL |
| Sep-16-20 | reviewed affidavits of service plaintiffs filed in court; directed staff to update case chart ; filed affidavits of service in the proper folder for future reference | 0.30 | 135.00 | MF |
| | telephone call w/ pl re: service | 0.10 | 35.00 | GN |
| | review pl email re: process server | 0.10 | 35.00 | GN |

|  |  |  |  |  |
|---|---|---|---|---|
|  | read DGR, sent us a status update for Marcelo | 0.10 | 12.50 | PL |
|  | emailed GN asking if the status update is good service. | 0.10 | 12.50 | PL |
|  | discussed service with GN | 0.10 | 12.50 | PL |
|  | callecd dgr re: asking them to send me the AOS instead | 0.10 | 12.50 | PL |
|  | forwarded to GN the AOS for Marcelo Moreno | 0.10 | 12.50 | PL |
|  | filed AOS for Marcel Mareno, emailed GN | 0.20 | 25.00 | PL |
|  | read GNS email, tried calling Segundo Gonzalez Basurto but he didn't answer | 0.10 | 12.50 | PL |
| Sep-18-20 | Call with client, review case file | 0.10 | 12.50 | PL |
|  | client called for an update | 0.10 | 12.50 | PL |
| Sep-21-20 | reviewed executed waiver of service;  directed staff to update case chart ;  filed notice in the proper folder for future reference | 0.30 | 135.00 | MF |
| Sep-29-20 | reviewed affidavits of service filed in court;  directed staff to update case chart ;  filed affidavits in the proper folder for future reference reviewed affidavits of service filed in court;  directed staff to update case chart ;  filed affidavits in the proper folder for future reference | 0.30 | 135.00 | MF |
| Sep-30-20 | reviewed court notice of appointment of new judge;  directed staff to update case chart ;  filed notices in the proper folder for future reference | 0.30 | 135.00 | MF |
| Oct-01-20 | Reviewed affidavits of service filed in court;  directed staff to update case chart ;  filed affidavits in the proper folder for future reference reviewed affidavits of service filed in court;  directed staff to update case chart ;  filed affidavits in the proper folder for future reference | 0.30 | 135.00 | MF |

|  |  |  |  |  |
|---|---|---|---|---|
|  | saved and filed JOHN O. MAHON AOS and emailed GN | 0.30 | 37.50 | PL |
| Oct-02-20 | email w/ pl re: process serve manager | 0.10 | 35.00 | GN |
| Oct-06-20 | reviewed court order by newly assigned judge scheduling  initial conference via phone; directed staff to update case chart ;  filed order in the proper folder for future reference | 0.30 | 135.00 | MF |
|  | reviewed answer to  complaint and corporate disclosure filed by defendants in court;  directed staff to  respond to motion and update case chart ; filed notice  in the proper folder for future reference | 0.30 | 135.00 | MF |
|  | review case file, answer | 0.20 | 70.00 | GN |
| Oct-13-20 | reviewed court order referring case to mediation; directed staff to update case chart ;  filed order in the proper folder for future reference | 0.40 | 180.00 | MF |
|  | reviewed court order rescheduling  initial conference via phone;  directed staff to update case chart ;  filed order in the proper folder for future reference | 0.40 | 180.00 | MF |
| Oct-15-20 | review scheduling order and email to pl with instructions | 0.10 | 35.00 | GN |
| Nov-05-20 | Reviewed court order and mediation office's email informing of assignment of mediator and setting date for submission of mediation schedule ; directed staff to update case chart ;  filed notice in the proper folder for future reference | 0.40 | 180.00 | MF |
| Nov-09-20 | reviewed mediator's email requesting to set up a telephone conference to set date for mediation; directed staff to update case chart ;  filed order  in the proper folder for future reference | 0.20 | 90.00 | MF |
| Nov-11-20 | email w/ mediator | 0.00 | 0.00 | GN |
| Nov-24-20 | reviewed court order informing parties of their failure to file statusupdate that was due more than a month ago and requiring  parties to file update immediately or file letters explaining | 0.40 | 180.00 | MF |

|  |  |  |  |  |
|---|---|---|---|---|
|  | why they should not be sanctioned;  directed staff to update case chart ;  filed notice in the proper folder for future reference |  |  |  |
|  | discussed with GN the reasons for not filing the status update | 0.10 | 45.00 | MF |
| Nov-30-20 | reviewed proposed scheduling order filed in court; directed staff to update case chart;  filed report  in the proper folder for future reference | 0.30 | 135.00 | MF |
|  | edit jjoint ltr, phone call conferences with cl re: defendants info and sett | 1.00 | 350.00 | GN |
|  | email w/ opposing counsel and review propsed case managment plan | 0.10 | 35.00 | GN |
| Dec-01-20 | reviewed mediation office's email  requesting that parties meet the deadline for choosing a date for the mediation;  filed notice  in the proper folder for future reference | 0.30 | 135.00 | MF |
|  | reviewed mediation office's email  requesting that parties meet the deadline for choosing a date for the mediation;  filed notice  in the proper folder for future reference | 0.20 | 90.00 | MF |
| Dec-15-20 | initial conference | 0.30 | 105.00 | GN |
| Dec-21-20 | reviewed email from mediation office requesting confirmation from the parties as to the date of the mediation;  sent email to  inquiring whether he wants me to respond | 0.20 | 90.00 | MF |
|  | reviewed court order scheduling mediation conference via video ;  directed staff to update case chart ;  filed order in the proper folder for future reference | 0.30 | 135.00 | MF |
| Jan-15-21 | reviewed email sent by mediator requesting the mediation statemtnt; sent email to GN directing him to provide the mediation statement | 0.20 | 90.00 | MF |
| Jan-18-21 | review and edit damages chart | 1.00 | 350.00 | GN |
| Jan-20-21 | mediation | 0.30 | 105.00 | GN |
| Jan-21-21 | Reviewed mediator's report that mediation  did occur   and was successful; directed staff to | 0.30 | 135.00 | MF |

update case chart ;  filed order in the proper folder
for future reference

| | | |
|---|---|---|
| Totals | 19.00 | $6,140.00 |

**DISBURSEMENTS**

| | | |
|---|---|---|
| | Filing Fee | 400.00 |
| Dec-03-19 | Process Server: Service on John Mahon (Demand Letter + Complaint) | 50.00 |
| | Process Server: Service on Vincent DOE (Demand Letter + Complaint) | 50.00 |
| | Process Server: Service on Eamon Maher (Demand Letter + Complaint) | 50.00 |
| | Process Server: Service on Marcelo Moreno (Demand Letter + Complaint) | 50.00 |
| Jan-06-20 | Process Server: Service on 3 East 48th Rest. Inc. (Demand Letter + Complaint) | 50.00 |
| Sep-16-20 | Process Server AOS - Marcelo Moreno | 138.80 |
| | Process Server AOS - John Mahon | 142.80 |
| | Process Server AOS - Eamon Maher | 133.40 |
| | Totals | $1,065.00 |

| | |
|---|---|
| **Total Fee & Disbursements** | **$7,205.00** |
| **Balance Now Due** | **$7,205.00** |