# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, 4510  
New York, New York 10165  
_____

gnaydenskiy@faillacelaw.com

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

April 2, 2021

**VIA ECF**

Hon. John P. Cronan, USDJ  
United States District Court  
Southern District of New York  
500 Pearl Street, Room 1320  
New York, NY 10007

    Re: Gonzalez Basurto et al v. 3 East 48th Rest. Inc. et al  
      **20-cv-05736-JPC**

Your Honor:

This office represents Plaintiff in the above referenced matter. The parties have agreed to a settlement ("Agreement") after attending a mediation. A copy of the Agreement is attached hereto as Exhibit A. We therefore ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and to retain jurisdiction of the matter.

## BACKGROUND

Plaintiff filed his Complaint against Defendants alleging claims for unpaid overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195). Defendants denied and continue to deny the allegations as asserted in the Complaint.

## **SETTLEMENT TERMS**

Plaintiff alleges he would be entitled to back wages of approximately $22,317 and total of approximately $84,815.13 including liquidated damages, interest, spread of hours, wage notice violations, wage statement violations and tools of trade claims as his best case scenario. According to Defendants, plaintiff was a dishwasher who also during his shift helped out with general cleaning and other similar duties. He was paid in full for all work, including his hourly rate always above minimum wage, overtime at 1 ½ the regular rate, plus an extra bonus pay every week for his extra non-dishwasher duties. Specifically, from October 2013 to April 2018, he was paid only in cash. These records were destroyed in a flood of the restaurant. From May 2018 through November 2019 (the end of his employment), plaintiff was paid by check for all hours worked and a weekly cash bonus. He signed his paystub ever week acknowledging his hours, regular rate, overtime rate, spread of hours, meal allowance deduction, tips and bonus (he never worked more than 10 hours to get spread of hours and he did not receive tips) and the cash he was paid. These records showed the check amount (gross amount less tax) plus the cash bonus paid to him. Defendants produced these records from this period signed by plaintiff. He received a weekly bonus in cash that is also listed on the paystub he signed. He also punched in and out so there was a record of his exact hours.  The records for the period from May 2018 through November 2019, prove, according to defendants that plaintiff was paid more than he was owed because of the cash bonus.  In addition, Defendants contend that the business is now out of business permanently due to Covid-19 and believe that Plaintiff will ultimately not be able to show that the individual Defendants will be considered "employers" under the FLSA and NYLL.

Thus, in order to avoid the legal and factual risks of protracted litigation, the parties have agreed to settle the claims for the sum of $29,500. A copy of Plaintiffs' best case damages chart, breaking down each amount sought from Defendants, is attached as Exhibit B.

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were contested factual and legal disputes. Therefore, Plaintiff believes the settlement is reasonable because of the risk that he may not prevail on his claims.

## ATTORNEYS' FEES

Plaintiffs' counsel will receive $10,543.33 which consists of 1) $1,065 subtracted from the $29,500 settlement then divided by 3 which equals $9,478.33 as attorney fees and 2) $1,065 costs plus $9,478.33 which equals $10,543.33 as attorney fees and costs.

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. Counsel's lodestar is $6,140 in attorneys' fees, making the fee counsel will receive under the agreement reasonable in

Page 4

light of their lodestar. The following is a summation of the backgrounds and rates of the attorneys who worked on this matter:

> i.      Michael Faillace's work is billed at the rate of $450 per hour, which is his standard billing rate for matters paid on an hourly basis. Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. Faillace's work is indicated by the initials "MF."

> ii.     Gennadiy Naydenskiy is a 2013 graduate of the State University of New York at Buffalo Law School, admitted to the New Jersey Bar and the United States District Court, District of New Jersey, in December 2013, the New York Bar in February 2014, the United States District Court, Southern District of New York in June 2014, and the United States District Court, Eastern District of New York in July 2014. Prior to joining Michael Faillace and Associates, P.C. in August 2018, Gennadiy Naydenskiy was a solo practitioner from October 2014, focusing primarily on FLSA wage and hour cases. Prior to founding his solo practice, Gennadiy Naydenskiy was an associate for Harrison, Harrison, and Associates a boutique law firm that focus most of their practice on FLSA wage and hour individual, multi-plaintiff, collective and class actions. Additionally, prior to being an associate, Gennadiy Naydenskiy was a law clerk for Harrison, Harrison, and Associates from May 2012. My billing rate of $350 per hour is reflected in Exhibit C with my initials "GN."[1]

These rates are reasonable given the experience of the attorneys in wage and hour matters, and their performance in this case. *See Perez v. Platinum Plaza 400 Cleaners, Inc.,* Index No. 12-cv-9353 (PAC), 2015 U.S. Dist. LEXIS 78079, *3 n. 1 (S.D.N.Y. June 16, 2015) (awarding requested rates to Michael Faillace and one of his associates at this firm, Joshua Androphy, finding they had "demonstrated entitlement to these rates based on their experience in wage and hour litigation and their performance in this case").

---

[1] Additionally, Paralegal time marked as "PL" is billed at $100 an hour.

Page 5

In full consideration of the issues presented in both *Cheeks* and *Wolinsky,* we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved.

Thank you for your consideration in this matter.

Respectfully Submitted,

/s/ Gennadiy Naydenskiy

Gennadiy Naydenskiy

Encls.

The Court is in receipt of the parties' settlement agreement. The Court has reviewed the proposal in light of *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170 (S.D.N.Y. 2015), and *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012), and finds that the settlement is fair.

The Court notes that the attorney's fees were calculated using the percentage method and represent one third of the total settlement amount. While the Court finds those fees to be reasonable, the Court does not make any finding as to the reasonableness of counsel's hourly rate or as to the reasonableness of any particular hours billed for work on this case.

Accordingly, the settlement is approved, the case is dismissed with prejudice, and, pursuant to the parties' joint request, the Court retains jurisdiction over the settlement for purposes of enforcement. The Clerk of Court is respectfully directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Date:  April 6, 2021
       New York, New York

JOHN P. CRONAN
United States District Judge